UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY HALLAK; GEORGE HALLAK,<br>　　　　　　　　　　　Plaintiffs,<br>v.<br>UNITED STATES DEPARTMENT OF AGRICULTURE, RETAILER OPERATIONS DIVISION,<br>　　　　　　　　　　　Defendant. | Case No.: 22-cv-00568-AJB-BLM<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**(Doc. No. 12)** |

Before the Court is Defendant United States Department of Agriculture, Retailer Operations Division's ("USDA") Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. No. 11.) Plaintiffs filed an opposition to the motion, (Doc. No. 14), to which USDA replied, (Doc. No. 15). This motion is suitable for determination on the papers and without oral argument in accordance with Civil Local Rule 7.1.d.1. Based on the reasoning below, the Court **GRANTS** USDA's motion.

I.  **BACKGROUND**

　A.  **Statutory and Regulatory Framework**

The Supplemental Nutrition Assistance Program ("SNAP"), which is administered by the Food and Nutrition Service ("FNS"), offers food benefits to qualifying individuals and families with financial hardships. *See* 7 U.S.C. § 2011 *et seq.*; *see also Market v. United*

*States*, No. 19–cv–00073, 2020 WL 4043819, at *1 (E.D. Wash. July 17, 2020). "SNAP operates similarly to a debit card, in which benefits are transferred to participants through an Electronic Benefits Transfer ("EBT") card. Participants may then spend their SNAP benefits by purchasing eligible items sold by approved SNAP retailers." *Rith v. United States*, No. 2:19–CV–01582–BJR, 2020 WL 7398750, at *1 (W.D. Wash. Dec. 17, 2020) (citing 7 U.S.C. § 2018 and 7 C.F.R. § 278.1).

The applicable regulations prohibit "trafficking" SNAP benefits. 7 C.F.R. § 278.6(e)(1)(i); *see also* 7 U.S.C. § 2021(b)(3)(B). Trafficking is defined as the "buying, selling, stealing, or otherwise effecting an exchange of SNAP benefits . . . for cash or consideration other than eligible food . . . ." 7 C.F.R. § 271.2. The presumptively mandatory penalty for trafficking is permanent disqualification from the SNAP program. *Id.* § 278.6(e)(1)(i) ("[FNS] shall . . . [d]isqualify a firm permanently if . . . [p]ersonnel of the firm have trafficked as defined in [7 C.F.R.] § 271.2"); 7 U.S.C. § 2021(b)(3)(B). However, a retailer found to have engaged in trafficking may be assessed a civil monetary penalty ("CMP") in lieu of disqualification if it "had an effective policy and program in effect to prevent" program violations and provides evidence that the retailer's ownership was unaware of the violations and did not approve, benefit from, or take part in them. 7 U.S.C. § 2021(b)(3)(B); 7 C.F.R. § 278.6(i).

B.   **Factual Background**

Plaintiffs, the previous owners and operators of Rainbow Market, were given a license to participate in SNAP in 2017. (Complaint ("Compl."), Doc. No. 1, ¶ 2.) On or around June 23, 2021, Plaintiffs were notified that FNS was charging them with illegally trafficking in the SNAP program pursuant to 7 C.F.R. § 278.6. (Doc. No. 12 at 7.)

The letter attached a list of transactions from December 2020 through April 2021, which the FNS claimed constituted trafficking. (Doc. No. 1-2 at 9.) Plaintiffs were informed of their right to reply and present any information, explanation, or evidence regarding the charges, and that, if they showed they met the criteria listed in 7 C.F.R. § 278.6(i), they could be eligible for a CMP of $59,000 in lieu of permanent

disqualification. (*Id.* at 10.) One of the four criteria the store had to meet to be eligible for a penalty in lieu of disqualification was that it had developed, prior to the alleged violations, an effective policy to prevent them. 7 C.F.R. § 278.6(i)(1) (Criterion 1).

Plaintiffs replied to the charge letter. On September 23, 2021, the FNS decided to permanently disqualify them from participating in the SNAP program. (Doc. No. 12 at 8.) The FNS further concluded Plaintiffs were not eligible for a trafficking civil money penalty ("CMP") in lieu of disqualification because Plaintiffs failed to submit sufficient evidence demonstrating they had established and implemented an effective compliance policy and program to prevent SNAP violations. (*Id.*) Plaintiffs were informed of their right to request administrative review.

On September 9, 2021, Plaintiffs requested administrative review of the decision; on March 23, 2022, the Administrative Review Officer issued a Final Agency Decision ("FAD") upholding Plaintiffs' permanent disqualification. (*Id.*)

The FAD specifically stated:

> If a judicial review is desired, the Complaint, **naming the United States as the defendant**, must be filed in the U.S. District court for the district in which the Appellant's owner resides or is engaged in business, or in any court of record of the State having competent jurisdiction. If any Complaint is filed, it must be filed within thirty (30) days of receipt of this Decision.

(Doc. No. 1-2 at 18) (emphasis added). This portion of the FAD reflects the requirements of 7 U.S.C. § 2023(a)(13).

Plaintiffs filed the instant suit on April 22, 2022, solely naming USDA to seek judicial review of this decision pursuant to 7 U.S.C. § 2023.

## II.     LEGAL STANDARDS

### A.     Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) tests whether the court has subject matter jurisdiction. "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint

are insufficient on their face to invoke federal jurisdiction." *Id.* The court "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

"[I]n a factual attack," on the other hand, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving such an attack, unlike with a motion to dismiss under Rule 12(b)(6), a court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* Moreover, the court "need not presume the truthfulness of the plaintiff's allegations." *Id.* Once the defendant has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of establishing the court's jurisdiction. *See Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

### B.   Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the pleadings' legal sufficiency and allows a court to dismiss a complaint if the court finds the plaintiff has failed to state a claim upon which relief may be granted. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). As a matter of law, the court may dismiss the complaint for either a lack of a cognizable legal theory, or insufficient facts under a cognizable legal claim. *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding such deference, the reviewing court need not accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, it is improper for the court to assume "the [plaintiff] can prove facts that [he or she] has not alleged . . . ." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). However, "[w]hen there are well-pleaded factual

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The court only reviews the complaint's contents and accepts all factual allegations as true, while drawing all reasonable inferences in favor of the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

## III.  REQUEST FOR JUDICIAL NOTICE

While the scope of review on a motion to dismiss for failure to state a claim is limited to the complaint, a court may consider evidence on which the complaint necessarily relies if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff['s] claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (internal quotation marks and citations omitted); *see Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (stating materials incorporated into the complaint may be judicially noticed).

Here, USDA requests judicial notice of the complete version of the June 23, 2021 Charge Letter issued by USDA to Plaintiffs. (Doc. No. 12 at 11–12.) Plaintiffs do not oppose the request. (*See generally* Doc. No. 14.) Plaintiffs' Complaint includes the same letter as Exhibit 1, but does not include a complete copy of the letter with enclosures. (*See* Doc. No. 1-2 at 9–11.) Because the Complaint includes this document as Exhibit 1 and necessarily relies on it, the Court **GRANTS** USDA's request for judicial notice.

## IV.  DISCUSSION

### A.  The Court Lacks Jurisdiction Under Rule 12(b)(1)

"The United States is immune from suit unless it consents to waive its sovereign immunity." *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997) (citing *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981)). "The doctrine of sovereign immunity applies to federal agencies and to federal employees acting within their official capacities[,]" *id.* (citing *S. Delta Water Agency v. U.S., Dep't of Interior*, 767 F.2d 531, 536 (9th Cir.1985)),

and "[t]he terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* (citing *Lehman*, 453 U.S. at 160).

The scope of a court's jurisdiction in connection with SNAP is defined by 7 U.S.C. § 2023 and 7 U.S.C § 2021. *See Salmo v. U.S. Dep't of Agric.*, 226 F. Supp. 2d 1234, 1235–36 (S.D. Cal. 2002) (citing *Shoulders v. U.S. Dep't of Agric.*, 878 F.2d 141, 143 (4th Cir. 1989)); *see also Gallo Cattle Co. v. U.S. Dep't of Agric.*, 159 F.3d 1194, 1197 (9th Cir. 1998) (statute providing for judicial review of USDA's Dairy Promotion Program defines scope of federal court's subject matter jurisdiction as to such program). The Food and Nutrition Act, 7 U.S.C. § 2011 *et seq.* (which creates the SNAP program), only waives sovereign immunity in the event that the plaintiff files suit directly against the United States. 7 U.S.C. § 2023(a)(13). It has long been held that § 2023 "was [not] meant to waive immunity with regard to any governmental party other than the United States itself." *Calderon v. U.S. Dep't of Agric.*, 756 F. Supp. 181, 184 (D. N.J. 1990). Because Plaintiffs chose to sue the USDA and not the United States, the Court has no jurisdiction over their claims. Plaintiffs do not dispute the Court's lack of jurisdiction, but rather assert that dismissal is not appropriate here. (Doc. No. 14 at 1.) Instead, they request they be given leave to amend the Complaint to name the United States as the defendant. (*Id.* at 2.)

Because Plaintiffs have failed to indicate why this Court should not enforce the jurisdictional rules as enumerated in 7 U.S.C. § 2023, the Court **GRANTS** Defendant's motion to dismiss.

B.   **Plaintiffs Fail to State a Claim Under Rule 12(b)(6)**

USDA also moves to dismiss for failure to state a claim for which relief can be granted, (Doc. No. 12 at 13), and asserts "any attempt to amend the Complaint to name the United States as Defendant would be futile because the Complaint fails to state a claim for relief[,]" (Doc. No. 15 at 2). The Court agrees.

The FNS's disqualification of a store is subject to judicial review by trial de novo. *See* 7 U.S.C. §§ 2021(c), 2023(a)(15); 7 C.F.R. § 279.10(a); *Kim v. U.S.*, 121 F.3d 1269, 1272 (9th Cir. 1997). The burden of proof falls on the plaintiff store to establish by a

6

preponderance of the evidence that the violations did not occur. *See Kim*, 121 F.3d at 1272. Once a violation is established, the Court's only remaining task is to review the appropriateness of the sanction imposed using an arbitrary and capricious standard. *See Wong v. United States*, 859 F.2d 129, 132 (9th Cir. 1988); *Banh v. U.S.*, 814 F.2d 1358, 1363 (9th Cir. 1987); *Plaid Pantry Stores, Inc. v. United States*, 799 F.2d 560, 563 (9th Cir. 1986); *Bertrand v. United States*, 726 F.2d 518, 520 (9th Cir. 1984).

Here, Plaintiffs candidly admit the violations occurred, stating they gave permission to another individual to temporarily take over operations of the business of the market, and that individual "engaged in the fraudulent conduct alleged by the USDA." (Compl. ¶ 9(vii).) Accordingly, the Court finds that violations likely did occur, and the Court shall limit its inquiry to whether Plaintiffs' disqualification is arbitrary and capricious. *See Wong*, 859 F.2d at 132; *Banh*, 814 F.2d at 1363; *Plaid Pantry Stores, Inc.*, 799 F.2d at 563; *Bertrand*, 726 F.2d at 520.

Plaintiffs argue permanent disqualification for a first offense is arbitrary and capricious. (Doc. No. 14 at 2.) However, permanent disqualification is presumptively mandatory where a retailer is found to have engaged in trafficking. 7 C.F.R. § 278.6(e)(1)(i) (providing FNS "*shall* . . . [d]isqualify a firm permanently if . . . [p]ersonnel of the firm have trafficked as defined in [7 C.F.R.] § 271.2" (emphasis added)). FNS may assess a monetary penalty in lieu of disqualification where the retailer produces evidence of a plan to ensure compliance with SNAP regulations and demonstrates that the store's ownership was ignorant of the violations and did not benefit from them. *See* 7 C.F.R. § 278.6. However, Plaintiffs request that no monetary punishment be assessed against them, (Compl. at 3), and the Complaint does not allege any facts to establish Plaintiffs would have qualified for a CMP, (*see generally id.*).

The Court finds the sanction of permanent disqualification imposed by FNS was not arbitrary and capricious. As such, the Court finds Plaintiffs' request for leave to amend to be futile.

///

## V. CONCLUSION

Based on the foregoing, Plaintiffs' action for judicial review under 7 U.S.C. § 2023 is **DISMISSED WITH PREJUDICE**. The Clerk of the Court is directed to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated:  October 18, 2023

Hon. Anthony J. Battaglia
United States District Judge